USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re DNAinfo                                :    16-mc-332 (SHS)
                                             :
                                             :    ORDER
------------------------------------------------------------x

SIDNEY H. STEIN, U.S.D.J.

Applicant DNAinfo, an online news publication, has requested that this Court, sitting in Part I, "unseal the docket, docket entries, transcripts, and other court documents" concerning a possible criminal proceeding against Jona Rechnitz that DNAinfo suspects exists and is currently under seal in this district.[1] [Dkt. No. 1] The Court has now reviewed DNAinfo's application and briefing, as well as the response of the United States Attorney's Office for the Southern District of New York and its *ex parte* letter to the Court regarding the existence *vel non* of any criminal proceedings against Rechnitz. To the extent that no such proceeding exists, DNAinfo's application is moot. To the extent that such a proceeding exists, the Court concludes, after considering all submissions on this application, that the government has met its burden and that the requirements to seal any relevant records have been satisfied. "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Accordingly, DNAinfo's application is DENIED.

Dated:   New York, New York
         December 6, 2016

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.
Part I

---

[1] The government contends that the Court lacks jurisdiction to consider DNAinfo's application because Janon Fisher, a DNAinfo editor, previously submitted an application seeking the same materials, and the denial of that application is currently on appeal with the Second Circuit. The government's argument rests on the mistaken premise that DNAinfo is a party to the appeal before the Second Circuit. Because DNAinfo was not a party to Fisher's application, neither the denial of that application nor the pendency of the appeal divests this Court of jurisdiction to consider DNAinfo's application.